# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| JACQUELINE VICKERS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:16-cv-67 |
| | * | |
| v. | * | |
| | * | |
| MELVIN GENE VICKERS; JANICE | * | |
| MARIE VICKERS; MARY ANN VICKERS; | * | |
| LISA FLOYD HOLMES; QUINTON GENE | * | |
| VICKERS; WANDA SIMS; and DAVID | * | |
| RASHAWN MURRAY VICKERS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter comes before the Court on three post-judgment Motions for Judicial Disqualification/Recusal filed by Plaintiff. (Dkt. Nos. 10, 11, 12.)[1] For the reasons which follow, the Court **DENIES** Plaintiff's Motions. To the extent Plaintiff's Motions can be construed as Motions for Reconsideration of this Court's previously-entered Order, the Court also **DENIES** that request. The Court's Order dated September 28, 2016, remains the Order of this Court, and this case remains closed.

---

[1] Documents Numbered 10 and 11 are identical to each other.

AO 72A
(Rev. 8/82)

## BACKGROUND

Plaintiff filed this cause of action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*. In her Complaint, Plaintiff asserted that Defendants Melvin Vickers, Janice Vickers, Mary Ann Vickers, and Quinton Vickers committed crimes against her and nothing has been done to them. (Dkt. No. 1, p. 4.) Plaintiff contended these Defendants went to the Magistrate's Office and took out felony warrants against her, and "state elected officials" locked her up under false pretenses. (Id.) Plaintiff stated she filed a previous lawsuit in this Court in Case Number 5:14-cv-66, and her lawsuit was dismissed. Plaintiff asserted she was going to college during the time these Defendants were making false accusations against her, and her grades plummeted due to the depression, humiliation, emotional distress, and embarrassment these Defendants' actions caused her. Plaintiff averred Defendant Quinton Vickers told her that Defendant Melvin Vickers made false statements about her. (Id. at p. 7.) Plaintiff contended Defendant Quinton Vickers, who is her estranged husband, left her without any money and did not buy their children clothing or supplies for school. Additionally, Plaintiff averred Defendant David Vickers Murray made a threat against her safety on Facebook. (Id. at p. 15.) Plaintiff stated she "is tired of being subjected to harassment, false

imprisonment, slander, [and] defamation of character," and she has submitted as attachments to her Complaint copies of "all cases" to show "proper harassment." (Id. at p. 8.) Plaintiff requested that this Court stop the Defendants and "other conflict of interest parties" from harassing her and to get Defendants to pay for the damages she has suffered as a result of their actions. (Id. at p. 11.)

The Magistrate Judge conducted a frivolity review of Plaintiff's Complaint and recommended that the Court dismiss the Complaint because Plaintiff failed to set forth claims implicating federal law or any alleged constitutional violations committed by state actors. (Dkt. No. 5.) After an independent and *de novo* review of the entire record, the Court adopted this recommendation as the opinion of the Court, over Plaintiff's Objections, and dismissed Plaintiff's Complaint. (Dkts. 7, 8.) Plaintiff has now filed these three Motions for Judicial Disqualification/Recusal in this Court.

## DISCUSSION

In her Motions, Plaintiff generally alleges that the undersigned, the Magistrate Judge, other Judges of this District, and various State of Georgia judicial officers have shown bias against her and should be recused from presiding over her causes of action. Plaintiff also reiterates several of her allegations against the named Defendants and sets forth

additional meandering allegations against the named Defendants, which she did not set forth in her original Complaint.

I.  **Plaintiff's Motions for Judicial Disqualification/Recusal**

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Under Section 144, a judge must recuse herself or himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

Under Section 455(a), a judge must disqualify herself or himself if her or his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

With regard to recusal under Section 144, Plaintiff has not satisfied the relevant procedural requirements. See 28 U.S.C. § 144. Even ignoring the procedural deficiency, Plaintiff's declarations are insufficient, as they fail to plausibly allege judicial bias against Plaintiff; rather, Plaintiff's declarations are simply a recitation of Plaintiff's disagreement with the assigned judges' rulings in her cases. See Jones, 459 F. App'x at 811 (11th Cir. 2012). "Such judicial rulings cannot serve as the basis for recusal or cast doubts on impartiality unless [Plaintiff] establishes pervasive bias and prejudice." Id.; see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case.")

Similarly, recusal under Section 455 is not warranted because, as previously stated, Plaintiff bases her motion for recusal on her disagreement with the Court's prior rulings in this case. Disqualification "may not be predicated on the judge's rulings in the instant case or in related cases." Deems v. C.I.R., 426 F. App'x 839, 843 (11th Cir. 2011) (citing Phillips v. Joint Legis. Comm. on Performance and Expenditure Review of the State of Miss., 637 F.2d 1014, 1020 (5th Cir. 1981)). "Neither a trial judge's comments on lack of evidence,

rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted).

Because Plaintiff has not put forth any evidence raising reasonable doubts as to the assigned judges' impartiality, recusal is not warranted in this case. Thus, the Court **DENIES** Plaintiff's Motions.

## II. Plaintiff's Construed Motions for Reconsideration

The Court also construes Plaintiff's Motions as Motions for Reconsideration of the Court's Order dated September 28, 2016.[2] By that Order, the Court adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court, dismissed Plaintiff's Complaint, and closed this case. (Dkt. No. 8.)

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth

---

[2] "Courts generally 'must look beyond the labels of [filings] by pro se [parties] to interpret them under whatever statute would provide relief.'" Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (quoting Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original)) (citing Means v. Ala., 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning pro se inmates); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Ga., 618 F. App'x 610, 611-12 (11th Cir. 2015)).

facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motions. She fails to present any newly-discovered evidence in support of her claims, nor does she allege this Court's previously-entered Order represents a manifest error of law or fact. As this Court has already informed Plaintiff, to the extent she states any viable cause of action against Defendants, her remedy lies with the State of Georgia courts, not this Court. (Dkt. No. 5, p. 5 n.1.) The Court hereby **DENIES** Plaintiff's construed Motions for Reconsideration. The Court's Order dated September 28, 2016, shall remain the Order of the Court, and this case shall remain closed.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions for Judicial Disqualification/Recusal. Likewise, to the extent Plaintiff's Motions can be construed as Motions for Reconsideration of the Court's September 28, 2016, Order, the Court also **DENIES** that request. The Court's Order dated September 28, 2016, remains the Order of this Court, and this case shall remain **CLOSED**.

**SO ORDERED**, this ___14___ day of ___December___, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA