# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| JACQUELINE VICKERS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:16-cv-67 |
| | * | |
| v. | * | |
| | * | |
| MELVIN GENE VICKERS; JANICE | * | |
| MARIE VICKERS; MARY ANN VICKERS; | * | |
| LISA FLOYD HOLMES; QUINTON GENE | * | |
| VICKERS; WANDA SIMS; and DAVID | * | |
| RASHAWN MURRAY VICKERS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter comes before the Court on Plaintiff's Motion for the Court's Orders to be Ruled Null and Void. (Dkt. No. 17.) The Court construes Plaintiff's Motion as another request for the Court to reconsider its previously-entered Orders[1] and **DENIES** Plaintiff's Motion. The Court's Orders dated September 28, 2016, and December 14, 2016, remain the Orders of this Court, and this case remains closed.

---

[1] "Courts generally 'must look beyond the labels of [filings] by *pro se* [parties] to interpret them under whatever statute would provide relief.'" Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (quoting Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original)) (citing Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Georgia, 618 F. App'x 610, 611-12 (11th Cir. 2015)).

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. She fails to present any newly-discovered evidence in support of her claims, nor does she allege this Court's previously-entered Order represents a manifest error of law or fact. As this Court has already informed Plaintiff, to the extent she states any viable cause of action against Defendants, her remedy lies with the State of Georgia courts, not this Court. (Dkt. No. 5, p. 5

n.1; Dkt. No. 16, p. 7.) The Court hereby **DENIES** Plaintiff's construed Motion for Reconsideration. The Court's Orders dated September 28, 2016, and December 14, 2016, shall remain the Orders of the Court, and this case shall remain closed.

**SO ORDERED**, this \_\_\_20\_\_\_ day of \_\_\_January\_\_\_, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA